IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                              No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL SANCHEZ,
a.k.a. "Dan Dan," GERALD ARCHULETA,
a.k.a. "Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ,
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Trial Brief in Support of Mr. Perez's

Right to Present a Full Defense, filed February 1, 2018 (Doc. 1734)("First Brief"); and (ii) the

Trial Brief in Support of Mr. Perez's Right to Present Evidence of Threats, filed February 4, 2018 (Doc. 1742)("Second Brief"). The primary issues are: (i) whether Perez' out-of-court statements indicating he was threatened are admissible to impeach another out-of-court Perez statement elicited by the Plaintiff United States of America while questioning Sergeant Antonio Palomares; and (ii) whether Perez' out-of-court statements indicating he was threatened are admissible, under rule 106 of the Federal Rules of Evidence, to supplement the statement elicited by the United States while questioning Palomares.

## PROCEDURAL BACKGROUND

In the First Brief, Perez argues that "evidence of threats against Mr. Perez is critical to his defense and plays a major role in disproving his guilt," First Brief ¶ 5, at 2, so refusing to permit Perez to present that evidence implicates his right, under the Fifth and Sixth Amendments to the Constitution of the United States of America, "to a meaningful opportunity to present a complete defense, which is essential to a fair trial," First Brief ¶ 6, at 2. According to Perez, the Court permitted him -- over the United States' hearsay objection, see First Brief ¶ 8, at 3 -- to question Jerry Rourk "with regard to materials he had gathered pertaining to a threat against Mr. Perez," First Brief ¶ 9, at 3, but it subsequently -- in response to the United States' renewed objection -- "admonish[ed] Mr. Rourk that he was not to mention anything with regard to threats against Mr. Perez," First Brief ¶ 10, at 3. Again according to Perez, "[t]his limitation improperly limited Mr. Perez's cross examination of Mr. Rourk," because Perez could not ask "questions about whether he knew who had threatened Mr. Perez, what, if anything, the department did to follow up on the threat, and whether the department took any precautions to protect Mr. Perez from future threats." First Brief ¶ 11, at 3-4. Perez also argues that judicial estoppel prevents the United States from arguing that Perez' statements to law enforcement that he was threatened are

uncorroborated and unreliable, because "the Government argued the opposite in response to Mr. Perez's Motion to Suppress: that the Corrections Department made the decision to house Mr. Perez at the Penitentiary of New Mexico and not back at Southern New Mexico Correctional Facility because he was under threat." First Brief ¶ 14, at 4.

In the Second Brief, Perez supplements the First Brief's constitutional arguments with arguments "in support of his right under the Federal Rules of Evidence to present impeachment evidence regarding statements he made to government witnesses concerning threats by other prisoners leading up to the murder of Mr. Javier Molina." Second Brief at 1. Perez argues that, "the United States elicited that Mr. Perez told Sgt. Palomares that he noticed the piece missing from his walker when he was in the shower and that STIU [Security Threat Intelligence Unit] had taken his walker because a piece was missing," so Perez should be able "to impeach this statement of Mr. Perez with a statement Mr. Perez made to STIU . . . that he was not in the shower when the piece was taken, but instead was threatened when it was taken." Second Motion at 1. Perez bases that argument on rule 806 of the Federal Rules of Evidence. See Second Motion at 2. See also Fed. R. Evid. 806 ("When a hearsay statement -- or a statement described in Rule 801(d)(2)(C), (D), or (E) -- has been admitted in evidence, the declarant's credibility may be attacked, and then supported, by any evidence that would be admissible for those purposes if the declarant had testified as a witness."). Perez admits that the text of rule 806 does not encompass the Perez statement that Palomares related to the jury, because that statement is an admission of a party opponent under rule 801(d)(2)(A) and not a statement described in rule 801(d)(2)(C)-(E). See Second Brief at 2. Perez contends, nevertheless, that he should be able to attack his own credibility when making the out-of-court statement, because "the credibility of a party-opponent is always in issue and subject to attack." Second Brief at 3.

It follows, according to Perez, that the Court should apply the United States Court of Appeals for the Eleventh Circuit's test -- which the Eleventh Circuit articulated in United States v. Grant, 256 F.3d 1146 (11th Cir. 2001) -- to determine Mr. Perez' out-of-court statements' admissibility: "whether Mr. Perez' out-of-court statements would be admissible for impeachment purposes if he were giving them from the stand." Second Brief at 5. Perez also argues that rules 106 and 611 of the Federal Rules of Evidence require the Court to admit "Mr. Perez's statements regarding threats . . . because these statements are directly relevant to the government's allegation that Mr. Perez acted voluntarily and provided a piece from his walker in order for others to make the weapons used [to] kill Javier Molina." Second Brief at 7.

## **ANALYSIS**

The Sixth Amendment protects a criminal defendant's right "to have compulsory process for obtaining witnesses in his favor," U.S. Const. amend. VI, but "[t]he accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence," Taylor v. Illinois, 484 U.S. 400, 410 (1988)(Stevens, J.). Similarly, "[a] criminal defendant's right to present a defense is essential to a fair trial," but "[a] defendant's right to present a defense, however, is not absolute." United States v. Serrano, 406 F.3d 1208, 1214-15 (10th Cir. 2005). Accordingly, whether Perez can introduce his out-of-court statements indicating that he was threatened depends on the Federal Rules of Evidence and not, directly, on the Fifth or Sixth Amendments to the Constitution.

Perez' argument -- that his out-of-court statements indicating that he was threatened are admissible to impeach, via inconsistent statement, Perez' other out-of-court statement indicating that a piece of his walker disappeared while Perez was in the shower -- implicitly assumes that the United States offered the latter statement for its truth.

> If a declarant's statement is not being offered for its truth, then it is not hearsay, and impeachment of the declarant is not permitted under Rule 806. This is sensible, because if the statement is not offered for its truth, there is no concern about the credibility of the declarant, and so there is no need for evidence on that subject.

See Stephen A. Saltzburg et al., FEDERAL RULES OF EVIDENCE MANUAL § 806.02[1] (11th ed. 2017). The United States did not, however, offer Perez' statement to Palomares for its truth. Indeed, the United States' case against Perez depends on that statement's falsity; if Perez' statement that a piece of his walker simply disappeared while he was showering is true, then the United States' theory of the case vis-à-vis Perez -- i.e., that Perez knowingly volunteered a piece of his walker to be used as the Molina murder weapon -- is false. Instead of eliciting it for its truth, the United States asked Palomares about Perez' statement to explain the Molina murder investigation's progress. Consequently, even if Perez testified, he could not legitimately offer his out-of-court statements to impeach his inconsistent statement to Palomares. It follows that, even if rule 806 applies to rule 801(d)(2)(A) statements, rule 806 does not render admissible Perez' out-of-court statements indicating that he was threatened.[1]

---

[1] As to whether rule 806 applies to rule 801(d)(2)(A) statements, the Court parts ways with the United States Court of Appeals for the First and Seventh Circuits, which have looked to rule 806's legislative history -- specifically a Senate Judiciary Committee Report -- and concluded that rule 806 applies to rule 801(d)(2)(A). See United States v. Shay, 57 F.3d 126, 131-31 (1st Cir. 1995)(citing S. Rep. No. 93-1277 (1974), reprinted in 1974 U.S.C.C.A.N. 7051); United States v. Dent, 984 F.2d 1453, 1460 (7th Cir. 1993)(same). Rule 806, by its plain language, applies "[w]hen a hearsay statement -- or a statement described in Rule 801(d)(2)(C), (D), or (E) -- has been admitted in evidence," Fed. R. Evid. 806, so consulting legislative history to determine rule 806's scope is both unnecessary, see Exxon Mobil Corp. v. Allapattah Servs. Inc., 545 U.S. 546, 568 (2005)(Kennedy, J.)("Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of **otherwise ambiguous terms**." (emphasis added)), and inappropriate, see Exxon Mobil Corp. v. Allapattah Servs. Inc., 545 U.S. at 568 ("As we have repeatedly held, the authoritative statement is the statutory text, not the legislative history or any other extrinsic material."). See also Williamson v. United States, 512 U.S. 594, 602 (1994)(O'Conner, J.)("Without deciding exactly how much weight to give the Notes in this particular situation . . . we conclude that the policy expressed in the Rule's text points clearly enough in one direction

The Court also concludes that rule 106 and 611 of the Federal Rules of Evidence do not render admissible Perez' statements indicating that he was threatened. While rule 106 refers only to "a written or recorded statement," the United States Court of Appeals for the Tenth Circuit has indicated that, in light of rule 611(a), the rule of completeness embodied by rule 106 is substantially applicable to oral testimony. See United States v. Lopez-Medina, 596 F.3d 716, 734 (10th Cir. 2010)(O'Brien, J.). The Tenth Circuit has also indicated that rule 106 evidence can be admitted, to add context to other evidence, even if rule 802 would prevent the rule 106 evidence from being offered for its truth. See United States v. Lopez-Medina, 596 F.3d at 735. See also id. at 734 n.12 ("The rule of completeness does not depend upon an explicit waiver. Rather, its purpose is to prevent a party from intentionally misleading the jury by introducing a written or recorded statement in an inaccurate or unfair manner."). Four considerations inform whether evidence is admissible under rule 106: (i) whether it explains other evidence; (ii) whether it places other evidence into context; (iii) whether it avoids misleading the jury; and (iv) whether it "'insures fair and impartial understanding of the evidence.'" United States v.

---

that it outweighs whatever force the Notes may have."). The Court, accordingly, concludes that rule 806 does not apply to rule 801(d)(2)(A) statements.

Ignoring rule 806's plain language is also unnecessary. Party opponents can, however, impeach their own admissions, i.e., rule 801(d)(2)(A) statements, even though rule 806 does not apply. If a party opponent admission is relevant, then anything that impeaches such a statement is also relevant. See Fed. R. Evid. 401 (stating that evidence is relevant if it has any tendency to make a fact of consequence more or less likely). Relevant evidence is generally admissible. See Fed. R. Evid. 402. Consequently, evidence impeaching a rule 801(d)(2)(A) statement does not rely on rule 806 for its admissibility. Even though impeachment evidence regarding a declarant is admissible even if rule 806 does not apply, rule 806 remains significant, because it permits a declarant's impeachment "by any evidence that would be admissible for those purposes if the declarant had testified as a witness," Fed. R. Evid. 806, and some otherwise inadmissible evidence, is admissible to impeach a witness, compare, e.g., Fed. R. Evid. 609 (permitting the introduction of a witness' criminal convictions -- under certain circumstances -- when attacking a witness' character for truthfulness), with Fed. R. Evid. 405 (stating that specific instances of conduct can be used to establish a person's character only when character is an essential element of a charge, claim, or defense).

Lopez-Medina, 596 F.3d at 735 (quoting United States v. Li, 55 F.3d 325, 330 (7th Cir. 1995)). The Court determines that, under the United States v. Lopez-Medina rule 106 rubric, Perez' statements indicating that he was threatened are not admissible to supplement Perez' statement to Palomares. Perez' statements indicating that he was threatened do not explain or add context to Perez' statement to Palomares, nor do they prevent the jury from being misled. Instead, the former statements simply contradict the latter.

**IT IS ORDERED** that the requests for relief in the Trial Brief in Support of Mr. Perez's Right to Present a Full Defense, filed February 1, 2018 (Doc. 1734) and the Trial Brief in Support of Mr. Perez's Right to Present Evidence of Threats, filed February 4, 2018 (Doc. 1742) are denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James D. Tierney
  Acting United States Attorney
Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

    *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

--and--

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

    *Attorneys for Defendant Edward Troup*

Russel Dean Clark
Las Cruces, New Mexico

    *Attorney for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

--and--

Robert R. Cooper
Albuquerque, New Mexico

    *Attorneys for Defendant Billy Garcia*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

    *Attorneys for Defendant Eugene Martinez*

Phillip A. Linder
The Linder Firm
Dallas, Texas

---and--

Jeffrey C. Lahann
Las Cruces, New Mexico

    *Attorneys for Defendant Allen Patterson*

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Orlando Mondragon
El Paso, Texas

    *Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, LLC
Denver Colorado

--and--

Noel Orquiz
Deming, New Mexico

    *Attorneys for Defendant Javier Alonso*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

    *Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

 *Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

 *Attorney for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

 *Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

 *Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

 *Attorneys for Defendant Mario Rodriguez*

Jacqueline K. Walsh
Walsh & Larranaga
Seattle, Washington

--and

Ray Velarde
El Paso, Texas

    *Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

    *Attorneys for Defendant Mauricio Varela*

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

--and--

Richard Jewkes
El Paso, Texas

    *Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

    *Attorney for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

    *Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

---and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

>*Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
McElhinney Law Firm, LLC
Las Cruces, New Mexico

>*Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

>*Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

>*Attorneys for Defendant Christopher Garcia*

William R. Maynard
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

>*Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Albuquerque, New Mexico

--and--

Ryan J. Villa
Albuquerque, New Mexico

    *Attorneys for Defendant Rudy Perez*

Lisa Torraco
Albuquerque, New Mexico

--and--

Donavon A. Roberts
Albuquerque, New Mexico

    *Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

    *Attorneys for Defendant Santos Gonzalez*

Angela Arellanes
Albuquerque, New Mexico

    *Attorneys for Defendant Shauna Gutierrez*

Jerry A. Walz
Walz and Associates
Albuquerque, New Mexico

    *Attorneys for Defendant Brandy Rodriguez*