IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                        No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL SANCHEZ,
a.k.a. "Dan Dan," GERALD ARCHULETA,
a.k.a. "Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ,
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Trial Brief Regarding

Inadmissibility of Investigative Reports Under Rule 803(6) and Rule 803(8), filed February 7,

2018 (Doc. 1753)("Trial Brief"). The primary issue is whether the Court should permit Defendant Anthony Baca to introduce an Investigative Report, dated May 16, 2011 (Bates No. 27820-22)("Investigative Report") and a Supervisor's Serious Incident Report, dated June 28, 2013 (Bates No. 27794)("Incident Report") into evidence. The United States argues that the Investigative Report and the Incident Report are inadmissible hearsay and that they are both based on inadmissible hearsay statements from prisoners to law enforcement. See Trial Brief at 3.

The Court concludes that the Investigative Report and the Incident Report are both admissible hearsay under rule 803(8)(A)(iii). That rule renders "[a] record or statement of a public office . . . [that] sets out . . . factual findings from a legally authorized investigation" admissible "against the government in a criminal case" if "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness." Fed. R. Evid. 803(8). The enumerated list at the end of the Investigative Report is set of factual findings, so rule 803(8)(A)(iii) applies to the entire report. See Fed. R. Evid. 803(8)(A)(iii). See also Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 164 (1988)(Brennan, J.)("[W]e note that, contrary to what is often assumed, the language of the Rule [803(8)(A)(iii)] does not state that 'factual findings' are admissible, but that 'reports . . . setting forth . . . factual findings' (emphasis added) are admissible."). Likewise, the Incident Report contains a factual finding -- specifically a finding that more investigation is needed. See Incident Report at 1. While the text of rule 803(8) refers to "factual findings," Fed. R. Evid. 803(8)(A)(iii), and the Incident Report's conclusion that more investigation is needed is an opinion, Supreme Court of the United States precedent indicates that rule 803(8)'s reference to factual findings includes both facts and opinions. See Beech Aircraft Corp. v. Rainey, 488 U.S. at 168 ("Our conclusion that neither the language of

the Rule nor the intent of its framers calls for a distinction between 'fact' and 'opinion' is strengthened by the analytical difficulty of drawing such a line.").

Although rule 803(8)(A)(iii) applies to both the Investigative Report and the Incident Report, a hearsay-within-hearsay issue remains, because both reports are based on and contain statements from confidential human sources and information conveyed from one law-enforcement member to another. See Trial Brief at 2-3. See also Fed. R. Evid. 805 ("Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule."). Those statements qualify as admissible hearsay -- if at all -- under rule 803(6):

> **(6)** *Records of a Regularly Conducted Activity*. A record of an act, event, condition, opinion, or diagnosis if:
>
> > **(A)** the record was made at or near the time by -- or from information transmitted by -- someone with knowledge;
> >
> > **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
> >
> > **(C)** making the record was a regular practice of that activity;
> >
> > **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> >
> > **(E)** the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). Rule 803(6) has an additional, tacit requirement when the source of information in a record did not create the document:

> Under the business duty requirement, the record is not admissible unless the party reporting the information to the recorder of the information had a business duty to do so; i.e., was reporting the information in the regular course of regularly conducted activity. The business duty requirement was thought necessary to

address the problem of double hearsay that arises when one person relates information offered for its truth to a person who records the information in a business record. The business record exception guarantees that the recording party recorded reliably, but an extra guarantee is necessary to assure that the party with personal knowledge of the underlying event related it accurately to the recorder.

Stephen A. Saltzburg et al., FEDERAL RULES OF EVIDENCE MANUAL § 803.02[7][c] (11th ed. 2017). Fed. R. Evid. 803(6) advisory committee note ("An illustration is the police report incorporating information obtained from a bystander: the officer qualifies as acting in the regular course but the informant does not.").

The Investigative Report and the Incident Report do not satisfy rule 803(6)'s requirements. Law-enforcement officials, as part of their ordinary duties, passed information received from confidential human sources to other officials who, as part of their ordinary duties, recorded that information. The Court does not have enough information to determine whether the confidential human sources were acting in the ordinary course when they provided information to law enforcement, however. If the confidential human sources only gave information to prison officials on a single occasion, they are analogous to a bystander who provides information to a police officer. See Fed. R. Evid. 803(6) advisory committee notes (indicating that a police report containing information obtained from a bystander would not constitute admissible hearsay under rule 803(6)). If, alternatively, the confidential human sources had a continuing relationship with law enforcement in which they provided information to law enforcement on a regular basis -- and had a vested interest, pecuniary or otherwise, in maintaining that relationship -- then the human sources' provision of the information that the Investigative Report and the Incident Report contain might occur in the regular course of their interactions with law enforcement. Neither the Investigative Report nor the Incident Report provide the names of the confidential human sources or the nature of the relationship between

the confidential human sources and law enforcement, so the Court cannot conclude that rule 803(6) applies to the confidential human source statements that form the basis of the Investigative Report and the Incident Report. Indeed, the United States has indicated that it does not know who one of the confidential human sources is.

Closely related, the Investigative Report and the Incident Report do not satisfy rule 803(6)(E) or rule 803(8)(B), because the reports are based on information obtained from people and in circumstances that render those statements untrustworthy. See Fed. R. Evid. 803(6)(E) (stating that hearsay is admissible as a business record only if "the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness"); Fed. R. Evid. 803(8)(B)(stating that hearsay is admissible as a public record only if "the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness"). All that the Court knows about the confidential human sources, whose statements form the basis for the reports, are that those individuals, presumably SNM members, were behind bars when they related information to law enforcement. Moreover, in the course of trial, the Court has heard testimony on several occasions about a practice, called "kiting out," where one prisoner falsely tells corrections officers that another prisoner is in danger, so prison officials will remove that prisoner to protective custody. The statements from confidential human sources that the Investigative Report and the Incident Report contain are suspect, both because they were made by unidentified prisoners and because they could have been made by individuals attempting to kite out Baca. The Court accordingly concludes that the Investigative Report and the Incident report are not admissible under rule 803(6) or rule 803(8).

**IT IS ORDERED** that the request in the United States' Trial Brief Regarding Inadmissibility of Investigative Reports Under Rule 803(6) and Rule 803(8), filed February 7,

2018 (Doc. 1753), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

James D. Tierney
  Acting United States Attorney
Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

    *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

--and--

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

    *Attorneys for Defendant Edward Troup*

Russel Dean Clark
Las Cruces, New Mexico

 *Attorney for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

--and--

Robert R. Cooper
Albuquerque, New Mexico

 *Attorneys for Defendant Billy Garcia*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

 *Attorneys for Defendant Eugene Martinez*

Phillip A. Linder
The Linder Firm
Dallas, Texas

--and--

Jeffrey C. Lahann
Las Cruces, New Mexico

 *Attorneys for Defendant Allen Patterson*

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Orlando Mondragon
El Paso, Texas

 *Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, LLC
Denver Colorado

--and--

Noel Orquiz
Deming, New Mexico

> *Attorneys for Defendant Javier Alonso*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

> *Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

> *Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

> *Attorney for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

> *Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

    *Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

    *Attorneys for Defendant Mario Rodriguez*

Jacqueline K. Walsh
Walsh & Larranaga
Seattle, Washington

--and

Ray Velarde
El Paso, Texas

    *Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

    *Attorneys for Defendant Mauricio Varela*

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

--and--

Richard Jewkes
El Paso, Texas

    *Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

    *Attorney for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

    *Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

    *Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
McElhinney Law Firm, LLC
Las Cruces, New Mexico

    *Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

    *Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Christopher Garcia*

William R. Maynard
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

    *Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Albuquerque, New Mexico

--and--

Ryan J. Villa
Albuquerque, New Mexico

    *Attorneys for Defendant Rudy Perez*

Lisa Torraco
Albuquerque, New Mexico

--and--

Donavon A. Roberts
Albuquerque, New Mexico

    *Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

    *Attorneys for Defendant Santos Gonzalez*

Angela Arellanes
Albuquerque, New Mexico

    *Attorneys for Defendant Shauna Gutierrez*

Jerry A. Walz
Walz and Associates
Albuquerque, New Mexico

*Attorneys for Defendant Brandy Rodriguez*