**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE GALLEGOS, EDWARD TROUP, a.k.a. "Huero Troup," LEONARD LUJAN, BILLY GARCIA, a.k.a. "Wild Bill," EUGENE MARTINEZ, a.k.a. "Little Guero," ALLEN PATTERSON, CHRISTOPHER CHAVEZ, a.k.a. "Critter," JAVIER ALONSO, a.k.a. "Wineo," ARTURO ARNULFO GARCIA, a.k.a. "Shotgun," BENJAMIN CLARK, a.k.a. "Cyclone," RUBEN HERNANDEZ; JERRY ARMENTA, a.k.a. "Creeper," JERRY MONTOYA, a.k.a. "Boxer," MARIO RODRIGUEZ, a.k.a. "Blue," TIMOTHY MARTINEZ, a.k.a. "Red," MAURICIO VARELA, a.k.a. "Archie," a.k.a. "Hog Nuts," DANIEL SANCHEZ, a.k.a. "Dan Dan," GERALD ARCHULETA, a.k.a. "Styx," a.k.a. "Grandma," CONRAD VILLEGAS, a.k.a. "Chitmon," ANTHONY RAY BACA, a.k.a. "Pup," ROBERT MARTINEZ, a.k.a. "Baby Rob," ROY PAUL MARTINEZ, a.k.a. "Shadow," CHRISTOPHER GARCIA, CARLOS HERRERA, a.k.a. "Lazy," RUDY PEREZ, a.k.a. "Ru Dog," ANDREW GALLEGOS, a.k.a. "Smiley," SANTOS GONZALEZ; PAUL RIVERA, SHAUNA GUTIERREZ, and BRANDY RODRIGUEZ,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendants' Objection to Permitting the Jury to Consider Recordings, Never Presented in Court, During Their Deliberations, filed

February 28, 2018 (Doc. 1837)("Objection"). The Defendants argue that the jury, when deliberating, should not have access to portions of recordings that Plaintiff United States of America successfully offered into evidence, but which were not played in open court. See Objections at 1-2. The Defendants contend that their Objection "is based on the Due Process Clause of the Fifth Amendment to the United States Constitution, the Sixth Amendment Confrontation Clause, Federal Rule of Criminal Procedure 43(a), and Federal Rule of [Evidence] 106." Objections at 2. According to the Defendants, permitting the jury to have access to the portions of the tapes that were not previously played "'is akin to allowing a new witness to testify privately, without cross-examination, to the jury during deliberations.'" Objections at 2-3 (quoting United States v. Noushfar, 78 F.3d 1442, 1445 (9th Cir. 1996)). The Defendants also assert that

> [a]llowing the jury to replay tapes in the jury room, even where those tapes have been properly admitted at trial, has been held to be error because, at a minimum, the period when jurors listen to the tapes is "properly viewed as a stage of the trial at which the presence of the defendant is required."

Objections at 2 n.1 (quoting United States v. Kupau, 781 F.2d 740, 743 (9th Cir. 1986))(citing Fed. R. Crim. P. 43(a)). The Defendants do not, however, argue in their Objection, that the Court erred by admitting those recordings into evidence. See Objection at 1, 4. The Defendants did, however, object earlier to admitting some of the United States' exhibits. See, e.g., Motion *In Limine* to Limit Admission of Recorded Conversations, filed February 8, 2018 (Doc. 1764).

While the law might be different in the United States Court of Appeals for the Ninth Circuit,[1] the Defendants' contention that allowing the jury to replay tapes in the jury room is

[1]Subsequent Ninth Circuit cases cast doubt on both United States v. Kupau, see La Crosse v. Kernan, 244 F.3d 702, 707 (9th Cir. 2001)(refusing to grant habeas relief, notwithstanding United States v. Kupau, to a petitioner who was not present when testimony was

unconstitutional, see Objection at 2 n.1, does not pass muster under United States Court of Appeals for the Tenth Circuit precedent, see United States v. Dowen, 496 F.2d 314, 321 (10th Cir. 1974)( "[T]he decision as to whether exhibits should be sent to the jury room rests within the sound discretion of the Trial Court."); United States v. Graulich, 35 F.3d 574, 1994 WL 499073, at *7 (10th Cir. 1994)(table decision)("A trial court may send all or part of the exhibits admitted into evidence to the jury before or after it has begun its deliberations."); id. at *8 ("We hold that the tapes were properly admitted in evidence and that the district court did not abuse its discretion in thereafter allowing the tapes to go to the jury room during deliberations."). Similarly, the Defendants' cursory appeals to rule 43 of the Federal Rules of Criminal Procedure and rule 106 of the Federal Rules of Evidence, see Objection at 2, are contrary to Tenth Circuit precedent, see United States v. De Hernandez, 745 F.2d 1305, 1309 (10th Cir. 1984)("The trial court may send the exhibits to the jury *ex parte* without running afoul of Fed. R. Crim. P. 43."). United States v. De Hernandez, 745 F.2d 1305, 1309 (10th Cir. 1984); United States v. Graulich, 35 F.3d 574, 1994 WL 499073, at *6 (concluding that playing excerpts of tapes -- instead of playing entire tapes -- did not offend rule 106 of the Federal Rules of Evidence even though those excerpts were provided to the jury in the jury room).

As to the Defendants' appeal to the Due Process and Confrontation Clause, the Court has been unable to find any Tenth Circuit precedent addressing the precise issue that the Defendants

---

read back to a jury and observing that "other courts have declined to recognize this right"), and United States v. Noushfar:

> Appellants collectively contend that the district court's decision to allow the jury to take the unread transcripts of the tape-recorded conversations into the jury room was structural error, requiring reversal under the principle we established in *United States v. Noushfar,* 78 F.3d 1442 (9th Cir.1996). We conclude that the rule of *Noushfar* does not apply in the circumstances of this case."

United States v. Franco, 136 F.3d 622, 625 (9th Cir. 1998).

raise, i.e., whether those constitutional provisions permit the jury to access admitted evidence which has not been presented to the jury in open court. See Objection at 2. The Tenth Circuit has, however, concluded -- albeit in an unpublished opinion -- that the case on which the Defendants, United States v. Noushfar, see Objections at 2-3, "is not persuasive." United States v. Kaufman, 485 Fed. App'x 313, 316 (10th Cir. 2012). Further, cases from other United States Courts of Appeals indicate that a district court may permit the jury to access admitted evidence that has not been presented in court.

For example, the United States District Court for the District of Columbia considered a case where tape recordings had been admitted into evidence and had not been played in court; the tapes were accidentally provided to the jury during their deliberations. See United States v. Miller, 738 F.3d 361, 379 (D.C. Cir. 2013). In that case, the D.C. Circuit expressly rejected United States v. Noushfar:

> The holding in *Noushfar,* 78 F.3d at 1445, that the 'tapes went to the jury room in violation of [Federal] Rule [of Criminal Procedure] 43,' is inconsistent with this court's holding that 'tape replaying [is] not a stage of trial implicating the confrontation clause or Rule 43(a),' *United States v. Sobamowo,* 892 F.2d 90, 97 (D.C.Cir.1989).

United States v. Miller 738 F.3d at 379. The D.C. Circuit also reasoned that permitting the jury to access the unplayed recordings did not violate the Confrontation Clause, because the recordings were coconspirator statements made during and in furtherance of the conspiracy, see Fed. R. Evid. 801(d)(2)(E), so they "could be admitted without violating the Confrontation Clause." United States v. Miller, 738 F.3d at 379. The D.C. Circuit ultimately concluded that permitting the jury to have the unplayed tapes was erroneous, because it "violated the district court's ruling that only portions of played calls were to be sent to the jury," but the court did not conclude that a constitutional error occurred. United States v. Miller, 738 F.3d at 379.

Similarly, the United States Court of Appeals for the Seventh Circuit has considered a case where "the transcripts for the approximately 200-plus unplayed tapes that had been received in evidence had not been removed from the binders which had been sent back to the jury room." United States v. Magana, 118 F.3d 1173, 1181-82 (7th Cir. 1997). The trial judge ruled orally that the transcripts of the unplayed recordings should be removed from the binders, so the Seventh Circuit concluded that those transcripts should not have been sent to the jury. See United States v. Magana, 118 F.3d at 1181, 1183. The Seventh Circuit observed, however, that "the trial judge could [have], in his discretion, opt[ed] to send the transcripts back to the jury," because while the tapes had not been played for the jury they had been admitted into evidence. United States v. Magana, 118 F.3d at 1183 n.7.

The Court does not find United States v. Noushfar persuasive, because it directly conflicts with Tenth Circuit precedent, compare United States v. Noushfar (stating that allowing a jury to rehear tapes played in open court is erroneous), with United States v. De Hernandez, 745 F.2d at 1308 (permitting a videotape to be sent to the jury room), and because the Tenth Circuit has considered that case and found it unpersuasive, see United States v. Kaufman, 485 Fed. App'x at 316. The Court instead follows the Seventh and D.C. Circuits' lead in United States v. Magana and United States v. Miller, respectively, and concludes that it can, in its discretion, permit the jury to access audiotapes that have been admitted into evidence even though those tapes were not played in open court.

There are a number of pragmatic reasons, some general and some specific to this case, which support the Court's ruling. First, giving the jurors access to the United States' recordings is not some unsupervised document dump. The United States provided the complete recordings and transcripts to both the Defendants and the Court in advance of trial, or at least in advance of

presenting selected portions to the jury. The Defendants had an opportunity to object to any and all of the recordings and transcripts, and the Court went to great efforts to rule on those objections, which resulted in significant redaction. Thus, the Court and the parties have gone over every word of the records and every line of the transcripts. This is not a situation where no one knows what is going back to the jury, and the recordings and transcripts have been just as sanitized as the other evidence in this case.

Second, the United States did not, in the midst of trial, play all the recordings or use all the transcripts, but they could have. And once admitted, the Defendants were free to present their own selections from the transcripts and recordings. The Defendants cannot soundly complain that the entirety of the United States' recordings were not played in court when they could have remedied that issue themselves, albeit at the cost of further extending a weeks-long trial.

Third, the transcripts are not part of the evidence. They are not going back to the jury room. The jury has been repeatedly instructed -- and will be instructed again in the Court's final jury instructions -- that only the recordings are in evidence.

Fourth, adopting the Ninth Circuit's rule could create unintended consequences. Sometimes decisions as to what to play are made the night before the associated testimony or even that morning, because trial developments inform those decisions. There does not seem to be a sound reason to force the United States to: (i) make last-minute alterations to their recordings and transcripts, which would be technically difficult, and only then offer those recordings and transcripts into evidence, which would potentially surprise defendants; (ii) make premature decisions regarding which portions of recording to play ; or (iii) elongate the trial by playing an entire recording when it only seeks to use a portion. The Ninth Circuit's rule is long

on rhetoric but short on sound reasoning showing its benefit to anyone, given the realities of modern federal criminal trials, or why it should make prosecutors play, make defendants prepare for, and make juries should sit through more than is necessary.

Fifth, it seems odd to treat recordings and other evidence disparately. In white collar trials -- such as securities cases -- large S-1's are admitted into evidence and yet the parties highlight only portions during the trial. No one thinks that this procedure is unlawful or is not good for everyone involved -- the United States, the defendants, the Court and the jurors.

Sixth, what the Defendants really seek is that, as the evidence is about to go to the jury room, the Court should unadmit material, i.e., sanitize the exhibits. That is not a sound course of action and, again, serves no useful purpose, because all of the recordings can be played by any of the parties in their closings. To then require the Court and the parties to first sanitize the exhibits and then, after closings, to go through and reinsert portions of the recordings would be time consuming and delay the jury's access to the evidence while deliberating. The Court needs to have the evidence ready to go back to the jury room as soon as the jury begins deliberating and not at some unspecified point afterwards.

**IT IS ORDERED** that the Defendants' Objection to Permitting the Jury to Consider Recordings, Never Presented in Court, During Their Deliberations, filed February 28, 2018 (Doc. 1837), is denied.

UNITED STATES DISTRICT JUDGE

*Counsel:*

James D. Tierney
  Acting United States Attorney
Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

*Attorneys for the Plaintiff*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

*Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

--and--

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

*Attorneys for Defendant Edward Troup*

Russel Dean Clark
Las Cruces, New Mexico

*Attorney for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

--and--

Robert R. Cooper
Albuquerque, New Mexico

*Attorneys for Defendant Billy Garcia*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

*Attorneys for Defendant Eugene Martinez*

Phillip A. Linder
The Linder Firm
Dallas, Texas

--and--

Jeffrey C. Lahann
Las Cruces, New Mexico

*Attorneys for Defendant Allen Patterson*

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Orlando Mondragon
El Paso, Texas

*Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, LLC
Denver Colorado

--and--

Noel Orquiz
Deming, New Mexico

*Attorneys for Defendant Javier Alonso*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

*Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

*Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

*Attorney for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

*Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

*Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

*Attorneys for Defendant Mario Rodriguez*

Jacqueline K. Walsh
Walsh & Larranaga
Seattle, Washington

--and--

Ray Velarde
El Paso, Texas

*Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

*Attorneys for Defendant Mauricio Varela*

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

--and--

Richard Jewkes
El Paso, Texas

*Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

*Attorney for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

*Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

*Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
McElhinney Law Firm, LLC
Las Cruces, New Mexico

*Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

*Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

*Attorneys for Defendant Christopher Garcia*

William R. Maynard
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

*Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Albuquerque, New Mexico

--and--

Ryan J. Villa
Albuquerque, New Mexico

*Attorneys for Defendant Rudy Perez*

Lisa Torraco
Lisa Torraco Law Firm
Albuquerque, New Mexico

--and--

Donavon A. Roberts
Albuquerque, New Mexico

*Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

*Attorneys for Defendant Santos Gonzalez*

Angela Arellanes
Albuquerque, New Mexico

*Attorneys for Defendant Shauna Gutierrez*

Jerry A. Walz
Walz and Associates
Albuquerque, New Mexico

*Attorneys for Defendant Brandy Rodriguez*