IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                         No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL Sanchez, a.k.a.
"Dan Dan," GERALD ARCHULETA, a.k.a.
"Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ,
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion to Exclude Statement of Mario Rodriguez, filed April 15, 2018 (Doc. 2116)("Motion"). In the Motion, Defendant Arturo

Arnulfo Garcia argues that Defendant Mario Rodriguez should not be able to testify regarding an out-of-court statement that A. Garcia made:

> While housed in Otero County, RODRIGUEZ and GARCIA could talk through their cell walls. GARCIA expressed his confidence that he would be cleared of wrongdoing in the murder of Sammy CHAVEZ because of 'problems' with the case. GARCIA claimed that his 'Ace in the hole' was that Sergio RODRIGUEZ, AKA 'CHURO' was in jail when CHAVEZ's body was discovered.

Motion at 1-2 (quoting FBI 302 (dated March 29, 2018)(Deleon NO. 61847)). According to A. Garcia, "[t]he evident purpose of exposing the jury to this testimony is two-fold." Motion at 2. A. Garcia asserts that M. Rodriguez' testimony on this point "malign[s] Mr. Garcia's character by telling the jurors that he's been charged with another homicide," and "lead[s] the jurors to conclude that Mr. Garcia has a propensity for using the SNM to carry out murders." Motion at 2.[1] A. Garcia also asserts that "[t]here is no permissible purpose for the introduction of this

---

[1]A. Garcia also argues that, to introduce evidence of a prior crime under rule 404(b) of the Federal Rule of Evidence, "'a prosecutor is required to show by clear and convincing evidence that a prior crime occurred in addition to satisfying other strict requirements.'" Motion at 3 (quoting Le v. Mullin, 311 F.3d 1002, 1021 (10th Cir. 2002)). Le v. Mullin's statement regarding clear-and-convincing evidence is an application of Oklahoma law, and not of federal law, see 311 F.3d at 1021; in Le v. Mullin, the United States Court of Appeals for the Tenth Circuit was reviewing an Oklahoma conviction under 28 U.S.C. § 2254, see 311 F.3d at 1006. The Federal Rules of Evidence, however, do not require clear-and-convincing evidence or even a preponderance of the evidence to establish a prior crime. See Huddleston v. United States, 485 U.S. 681, 687-88 (1988).

> Rule 404(b), for example, protects against the introduction of extrinsic act evidence when that evidence is offered solely to prove character. The text contains no intimation, however, that any preliminary showing is necessary before such evidence may be introduced for a proper purpose. If offered for such a proper purpose, the evidence is subject only to general strictures limiting admissibility such as Rules 402 and 403.
>
> . . . .
>
> We conclude that a preliminary finding by the court that the Government has proved the act by a preponderance of the evidence is not called for under Rule 104(a). This is not to say, however, that the Government may parade past the jury

statement," because "it invites the jury to first conclude that Mr. Garcia has a propensity to use the SNM to carry out or order killings and that the murder of Freddie Sanchez as alleged in Count 3 was another such incident in conformity with that character trait." Motion at 4, 6.

Evidence about the Sammy Chavez murder is admissible in this case, because murder constitutes racketeering activity, see 18 U.S.C. § 1961(1)(A), so connecting the Chavez murder to the SNM shows that the SNM is "an enterprise engaged in racketeering activity." 18 U.S.C. § 1959(a)("VICAR"). One element of the offense with which A. Garcia is charged in this case is that the SNM is an enterprise engaged in racketeering activity. See Second Superseding Indictment at 10-11 (charging A. Garcia, among others, with a VICAR offense); 18 U.S.C. § 18 U.S.C. § 1959(a)("Whoever, . . . for the purpose of gaining entrance to or maintain or increasing position in an **enterprise engaged in racketeering activity**, murders . . . any individual in violation of the laws of any States . . . shall be punished . . . ." (emphasis added)). The

---

      a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo. Evidence is admissible under Rule 404(b) only if it is relevant. . . . In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor. . . . In the instant case, the evidence that petitioner was selling the televisions was relevant under the Government's theory only if the jury could reasonably find that the televisions were stolen.

      Such questions of relevance conditioned on a fact are dealt with under Federal Rule of Evidence 104(b). . . .

      In determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact -- here, that the televisions were stolen -- by a preponderance of the evidence.

Huddleston v. United States, 485 U.S. at 687-88.

relevancy of the Chavez murder vis-à-vis showing that the SNM is an enterprise engaged in racketeering activity does not depend on impermissible propensity inferences. See United States v. Comanche, 577 F.3d 1261, 1267 (10th Cir. 2009)("[E]vidence is admissible under Rule 404(b) only if it is relevant for a permissible purpose and that relevance does not depend on a defendant likely acting in conformity with an alleged character trait."). See also United States v. Parker, 553 F.3d 1309, 1314 (10th Cir. 2009)("Rule 404(b) limits evidence of 'other' crimes, wrongs, or acts -- not the crime in question."). Consequently, evidence regarding the Chavez murder is admissible unless the danger that the jury will impermissibly use that evidence for propensity purposes substantially outweighs the evidence's legitimate probative value. See Fed. R. Evid. 403. See also United States v. Tan, 254 F.3d 1204, (10th Cir. 2001)("[I]f the other act evidence is relevant and tends to prove a material fact other than the defendant's criminal disposition, it is offered for a proper purpose under Rule 404(b) and may be excluded only under Rule 403."). A. Garcia does not make a rule 403 objection -- in fact, he does not even mention rule 403 -- but even if he did, the Court would overrule that objection.[2]

---

[2]The Court has, in a previous Memorandum Opinion and Order in this case, addressed contentions like A. Garcia's, i.e., that particular evidence is inadmissible, because "it invites the jury to first conclude that Mr. Garcia has a propensity to use the SNM to carry out or order killings and that the murder of Freddie Sanchez as alleged in Count 3 was another such incident in conformity with that character trait." Motion at 6.

> Sanchez asserts that jurors will take Counts 8-12 evidence "as character evidence establishing Baca's propensity to orchestrate murders," as "character evidence of Baca's propensity to enforce SNM rules by ordering violent acts," or as evidence showing "the propensity of SNM gang members to comply with Baca's orders to commit murders and other violent acts." [Defendant Daniel Sanchez's Motion to Sever the Trial of Counts 6-7 from the Trial of Counts 8-12 at 13, filed October 6, 2017 (Doc. 1296)("Severance Motion")]. Those assertions are incorrect for two distinct reasons. First, character refers to a person's general traits and not to their tendency to commit particular actions, e.g., one can have a character for violence or ruthlessness, but one does not have a character for murder orchestration or a

**IT IS ORDERED** that the Motion to Exclude Statement of Mario Rodriguez, filed April 15, 2018 (Doc. 2116), is denied.

_____
UNITED STATES DISTRICT JUDGE

---

character for gang-rules enforcement through violent acts. See Fed. R. Evid. 406 advisory committee note ("'Character is a generalized description of one's disposition, or of one's disposition in respect to a general trait, such as honesty, temperance, or peacefulness.'" (quoting McCormick on Evidence § 162, at 340)). See also id. ("A habit, on the other hand, is the person's regular practice of meeting a particular kind of situation with a specific type of conduct . . . ."). Second, jurors are far more likely to take the evidence that Sanchez identifies as evidence regarding specific situations and not as evidence of individuals' general characteristics, or as evidence that individuals acted in accordance with those general characteristics by committing the conduct that the United States seeks to prove. For example, jurors probably will not infer that SNM members are generally obedient people from evidence showing that SNM members tend to obey Baca's orders. A better, alternative explanation is that SNM members have a good reason to obey Baca in particular, e.g., fear that disobedience will lead to violent retribution. See Fed. R. Evid. 404(b)(2)("[Character] evidence may be admissible for another purpose, such as proving motive . . . .).

Memorandum Opinion and Order at 36-37, filed December 18, 2017 (Doc. 1585)("MOO"). The Court accordingly concluded that the danger that the jury would inappropriately use evidence of another crime for character purposes does not substantially outweigh that evidence's probative value viz. establishing that the SNM is an enterprise engaged in racketeering activity. See MOO at 36-37.

*Counsel:*

Fred Federici
  Attorney for the United States
    Acting Under Authority Conferred by 28 USC § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

    *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

--and--

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

    *Attorneys for Defendant Edward Troup*

Russel Dean Clark
Las Cruces, New Mexico

    *Attorney for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

--and--

Robert R. Cooper
Albuquerque, New Mexico

    *Attorneys for Defendant Billy Garcia*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

    *Attorneys for Defendant Eugene Martinez*

Joseph E. Shattuck
Marco & Shattuck
Albuquerque, New Mexico

--and--

Jeffrey C. Lahann
Las Cruces, New Mexico

    *Attorneys for Defendant Allen Patterson*

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Eduardo Solis
El Paso, Texas

    *Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, LLC
Denver Colorado

--and--

Noel Orquiz
Deming, New Mexico

    *Attorneys for Defendant Javier Alonso*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

    *Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

    *Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

    *Attorney for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

    *Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

    *Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

    *Attorneys for Defendant Mario Rodriguez*

Jacqueline K. Walsh
Walsh & Larranaga
Seattle, Washington

--and--

Ray Velarde
El Paso, Texas

    *Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

    *Attorneys for Defendant Mauricio Varela*

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

--and--

Richard Jewkes
El Paso, Texas

*Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

*Attorney for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

*Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

*Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
McElhinney Law Firm, LLC
Las Cruces, New Mexico

*Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

*Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

>*Attorneys for Defendant Christopher Garcia*

William R. Maynard
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

>*Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Albuquerque, New Mexico

--and--

Ryan J. Villa
Albuquerque, New Mexico

>*Attorneys for Defendant Rudy Perez*

Lisa Torraco
Albuquerque, New Mexico

--and--

Donavon A. Roberts
Albuquerque, New Mexico

>*Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

 *Attorneys for Defendant Santos Gonzalez*

Angela Arellanes
Albuquerque, New Mexico

 *Attorneys for Defendant Shauna Gutierrez*

Jerry A. Walz
Walz and Associates
Albuquerque, New Mexico

 *Attorneys for Defendant Brandy Rodriguez*