IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                               No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL Sanchez, a.k.a.
"Dan Dan," GERALD ARCHULETA, a.k.a.
"Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ,
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on the Motion to Exclude Testimony of Yvonne Madrid Pursuant to Federal Rule of Evidence 501 and the Marital Communications

Privilege, filed April 30, 2018 (Doc. 2188)("Motion").  In the Motion, Defendant Christopher Chavez argues that Yvonne Madrid, Chavez' "former spouse and current common-law spouse," is "prohibited from disclosing, by testimony or otherwise, any private marital communications between" Chavez and her during their marriage.  Motion at 1-2.[1]  It follows, according to Chavez, that "any proffered testimony by Yvonne Madrid should first be subjected to inquiry and examination to determine when and during what time frame such communications were had with Defendant Christopher Chavez" to determine whether those communications occurred during their marriage.  Motion at 3.

Federal law recognizes two marital privileges:

> The adverse testimonial privilege prohibits testimony by one spouse against another in criminal cases; it is designed to protect marital harmony at the time the testimony is demanded and to protect a witness from the difficult choice of incriminating a spouse or going to jail for contempt.  The confidential communications privilege prohibits disclosure, in civil and criminal cases, of confidential communications from one spouse to another; it is designed to protect and further marital intimacy as of the time the communication is made between the spouses.

---

[1] When evaluating marital privilege assertions, "[t]he status of marriage has been left to the states."  United States v. White, 545 F.2d 1129, 1130 (8th Cir. 1976)(per curiam).  Consequently, one cannot enter into a common-law marriage -- for the purposes of a federal evidentiary privilege under rule 501 of the Federal Rules of Evidence -- in a state that does not recognize common-law marriage.  See United States v. White, 545 F.2d at 1130.  New Mexico does not recognize common-law marriages.  See Merrill v. Davis, 1983-NMSC-070, ¶ 8, 673 P.2d 1285, 1286 ("[W]e note that common-law marriage is not acknowledged in New Mexico.").  See also N.M. Stat. Ann. § 40-1-2(A)(declaring that "[t]he civil contract of marriage is entered into when solemnized," i.e., when two people are "join[ed] in marriage before witnesses by means of a ceremony").  There is no indication in the Motion or in the record that Chavez and Madrid lived together outside of New Mexico, so Chavez' assertion in the Motion regarding common-law marriage does not impact the Court's marital privilege analysis.  See N.M. Stat. Ann. § 40-1-4 (recognizing the validity, in New Mexico, of "[a]ll marriages celebrated beyond the limits of this state, which are valid according to the laws of the country wherein they were celebrated or contracted").

Stephen A. Saltzburg et al., Federal Rules of Evidence Manual § 501.02[8] (11th ed. 2017). The adverse testimonial privilege does not prevent one spouse from voluntarily testifying against the other, however. See Trammel v. United States, 445 U.S. 40, 53 (1980). The adverse testimonial privilege ends when the marriage ends. See United States v. Bahe, 128 F.3d 1440, 1442 (10th Cir. 1997)(stating that the adverse testimonial privilege "permits one spouse to decline to testify against the other during the marriage"). See also Saltzburg et al., supra § 501.02[8] ("The adverse testimonial privilege does not apply if the witness and litigant are divorced or permanently separated at the time of the testimony.").

In contrast, the confidential communications privilege persists after a marriage ends, and either spouse can invoke the confidential communications privilege. See United States v. Bahe, 128 F.3d at 1442 (stating that "either spouse may assert" the confidential communications privilege "to prevent the other from testifying to confidential communications made during the marriage"). That privilege does not apply "whenever a communication, because of its nature or the circumstances under which it was made, was obviously not intended to be confidential." Wolfe v. United States, 291 U.S. 7, 14 (1934). While "marital communications are presumptively confidential," Blau v. United States, 340 U.S. 332, 333 (1951), if "made in the presence of a third party, such communications are usually regarded as not privileged because not made in confidence," Wolfe v. United States, 291 U.S. at 14.

Chavez and Madrid are no longer married, see Motion at 1 (stating that Madrid is Chavez' "former spouse"), so the adverse testimonial privilege does not apply, see Motion at 2 ("[C]learly Yvonne Madrid cannot be compelled to testify against Defendant Christopher Chavez, if they were still in fact formally married."). If, however, Chavez made statements to Madrid while they were married and those communications were confidential, the confidential

communications privilege would probably protect those communications.  See United States v. Bahe, 128 F.3d at 1446 (acknowledging that a "marital communications privilege for spousal testimony" exists, but establishing an exception for communications "relating to the abuse of a minor child within the household").  Communications that Chavez made to Madrid that were not confidential -- such as prison telephone calls[2] or conversations where third parties were present -- are not privileged.  Likewise, communications that Chavez or Madrid made before their marriage began or after it ended are not privileged.

Chavez does not direct the Court to any particular communications, so the Court cannot now make any particularized privilege determinations.  The Court accordingly denies the Motion to the extent that it seeks to exclude Madrid's testimony.  The Court grants, however, the Motion to the extent that it asks the Court, once Madrid takes the stand, to make determinations regarding whether the marital communications privilege applies to her testimony.

**IT IS ORDERED** that the Motion to Exclude Testimony of Yvonne Madrid Pursuant to Federal Rule of Evidence 501 and the Marital Communications Privilege, filed April 30, 2018 (Doc. 2188), is granted in part and denied in part.

_____
UNITED STATES DISTRICT JUDGE

---

[2]The Court has heard evidence that telephone calls made from New Mexico Corrections Department phones are preceded with an automated admonishment informing the call's participants that their conversation may be monitored.  Accordingly, such calls are not confidential. See Wolfe v. United States, 291 U.S. at 14.

*Counsel:*

Fred Federici
   Attorney for the United States
     Acting Under Authority Conferred by 28 USC § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
   Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

     *Attorneys for the Plaintiff*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

     *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

--and--

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

     *Attorneys for Defendant Edward Troup*

Russel Dean Clark
Las Cruces, New Mexico

 *Attorney for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

--and--

Robert R. Cooper
Albuquerque, New Mexico

 *Attorneys for Defendant Billy Garcia*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

 *Attorneys for Defendant Eugene Martinez*

Joseph E. Shattuck
Marco & Shattuck
Albuquerque, New Mexico

--and--

Jeffrey C. Lahann
Las Cruces, New Mexico

 *Attorneys for Defendant Allen Patterson*

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Eduardo Solis
El Paso, Texas

 *Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, LLC
Denver Colorado

--and--

Noel Orquiz
Deming, New Mexico

    *Attorneys for Defendant Javier Alonso*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

    *Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

    *Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

    *Attorney for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

    *Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

> *Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

> *Attorneys for Defendant Mario Rodriguez*

Jacqueline K. Walsh
Walsh & Larranaga
Seattle, Washington

--and--

Ray Velarde
El Paso, Texas

> *Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

> *Attorneys for Defendant Mauricio Varela*

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

--and--

Richard Jewkes
El Paso, Texas

    *Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

    *Attorney for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

    *Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

    *Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
McElhinney Law Firm, LLC
Las Cruces, New Mexico

    *Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

    *Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

  *Attorneys for Defendant Christopher Garcia*

William R. Maynard
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

  *Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Albuquerque, New Mexico

--and--

Ryan J. Villa
Albuquerque, New Mexico

  *Attorneys for Defendant Rudy Perez*

Lisa Torraco
Albuquerque, New Mexico

--and--

Donavon A. Roberts
Albuquerque, New Mexico

  *Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

>*Attorneys for Defendant Santos Gonzalez*

Angela Arellanes
Albuquerque, New Mexico

>*Attorneys for Defendant Shauna Gutierrez*

Jerry A. Walz
Walz and Associates
Albuquerque, New Mexico

>*Attorneys for Defendant Brandy Rodriguez*