IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                         No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL Sanchez, a.k.a.
"Dan Dan," GERALD ARCHULETA, a.k.a.
"Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ,
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Restricted Motion *In Limine* to Exclude Statements by Michael Jaramillo, filed May 3, 2018 (Doc. 2202)("Motion"). In the Motion,

Defendant Edward Troup argues that, when Michael Jaramillo testifies, the Court should not permit him to repeat a statement that he made during a pretrial interview with the FBI: "'JARAMILLO also ran into TROUP several years after he was released from prison at a motorcycle shop in Albuquerque. TROUP was with James GARCIA.'" Motion ¶ 1, at 1 (quoting 4/18/18 Interview of Michael JARAMILLO at 4 (drafted April 19, 2018)(DeLeon 71096), filed April 19, 2018 (Doc. 2135-1)(Exhibit 8 to the Clerk's Minutes)("Jaramillo 302"). Troup asserts that introducing Jaramillo's statement would be an impermissible "attempt to lead the jury to convict Mr. Troup based on an alleged bad character trait, instead of actual evidence." Motion ¶ 2, at 2 (citing Fed. R. Evid. 404(b)). Troup also asserts that, even if Plaintiff United States of America offers Jaramillo's statement for a permissible purpose, it would not be admissible, because the United States did not provide pretrial notice regarding that statement as rule 404(b)(2)(B) of the Federal Rules of Evidence requires. See Motion ¶ 5, at 2-3.[1]

---

[1]Troup also argues that, to introduce evidence of a prior crime under rule 404(b) of the Federal Rule of Evidence, "'a prosecutor is required to show by clear and convincing evidence that a prior crime occurred in addition to satisfying other strict requirements.'" Motion ¶ 3, at 2 (quoting Le v. Mullin, 311 F.3d 1002, 1021 (10th Cir. 2002)). Le v. Mullin's statement regarding clear-and-convincing evidence is an application of Oklahoma law, and not of federal law, see 311 F.3d at 1021; in Le v. Mullin, the United States Court of Appeals for the Tenth Circuit reviewed an Oklahoma conviction under 28 U.S.C. § 2254, see 311 F.3d at 1006. The Federal Rules of Evidence, however, do not require clear-and-convincing evidence, or even a preponderance of the evidence, to establish a prior crime. See Huddleston v. United States, 485 U.S. 681, 687-88 (1988).

> Rule 404(b), for example, protects against the introduction of extrinsic act evidence when that evidence is offered solely to prove character. The text contains no intimation, however, that any preliminary showing is necessary before such evidence may be introduced for a proper purpose. If offered for such a proper purpose, the evidence is subject only to general strictures limiting admissibility such as Rules 402 and 403.
>
> . . . .

That Jaramillo saw Troup with James Garcia at a motorcycle shop in Albuquerque, New Mexico, is not a "crime, wrong, or other act" probative of Troup's character, so rule 404(b) does not apply. Fed. R. Evid. 404(b)(1). Troup's 404(b) argument only makes sense if Jaramillo's statement that he encountered Troup "'several years after he was released from prison,'" is an oblique reference to Troup's time in prison. Motion ¶ 1, at 1 (quoting Jaramillo 302 at 4). Read in context, however, Jaramillo's statement apparently refers to an event that took place several years after Jaramillo -- and not Troup -- was released from prison, so it does not refer to Troup's time in prison. Alternatively, Troup is charged with two murders that occurred in prison, so evidence showing that Troup was in prison is intrinsic evidence and not evidence of a "crime, wrong, or **other** act," so rule 404(b)'s character evidence prohibition and its notice requirement do not apply. Fed. R. Evid. 404(b)(1)(emphasis added). The Court accordingly denies the

---

We conclude that a preliminary finding by the court that the Government has proved the act by a preponderance of the evidence is not called for under Rule 104(a). This is not to say, however, that the Government may parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo. Evidence is admissible under Rule 404(b) only if it is relevant. . . . In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor. . . . In the instant case, the evidence that petitioner was selling the televisions was relevant under the Government's theory only if the jury could reasonably find that the televisions were stolen.

Such questions of relevance conditioned on a fact are dealt with under Federal Rule of Evidence 104(b). . . .

In determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence. The court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact -- here, that the televisions were stolen -- by a preponderance of the evidence.

Huddleston v. United States, 485 U.S. at 687-88.

Motion.

**IT IS ORDERED** that the Restricted Motion *In Limine* to Exclude Statements by Michael Jaramillo, filed May 3, 2018 (Doc. 2202), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Fred Federici
  Attorney for the United States
    Acting Under Authority Conferred by 28 USC § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

   *Attorneys for the Plaintiff*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

   *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke  
Patrick J. Burke, P.C.  
Denver, Colorado  

--and--  

Cori Ann Harbour-Valdez  
The Harbour Law Firm, P.C.  
El Paso, Texas  

  *Attorneys for Defendant Edward Troup*

Russel Dean Clark  
Las Cruces, New Mexico  

  *Attorney for Defendant Leonard Lujan*

James A. Castle  
Castle & Castle, P.C.  
Denver, Colorado  

--and--  

Robert R. Cooper  
Albuquerque, New Mexico  

  *Attorneys for Defendant Billy Garcia*

Douglas E. Couleur  
Douglas E. Couleur, P.A.  
Santa Fe, New Mexico  

  *Attorneys for Defendant Eugene Martinez*

Joseph E. Shattuck  
Marco & Shattuck  
Albuquerque, New Mexico  

--and--  

Jeffrey C. Lahann  
Las Cruces, New Mexico  

  *Attorneys for Defendant Allen Patterson*

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Eduardo Solis
El Paso, Texas

  *Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, LLC
Denver Colorado

--and--

Noel Orquiz
Deming, New Mexico

  *Attorneys for Defendant Javier Alonso*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

  *Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

  *Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

    *Attorney for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

    *Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

    *Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

    *Attorneys for Defendant Mario Rodriguez*

Jacqueline K. Walsh
Walsh & Larranaga
Seattle, Washington

--and--

Ray Velarde
El Paso, Texas

    *Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

    *Attorneys for Defendant Mauricio Varela*

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

--and--

Richard Jewkes
El Paso, Texas

    *Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

    *Attorney for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

    *Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

    *Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
McElhinney Law Firm, LLC
Las Cruces, New Mexico

    *Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

    *Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Christopher Garcia*

William R. Maynard
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

    *Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Albuquerque, New Mexico

--and--

Ryan J. Villa
Albuquerque, New Mexico

    *Attorneys for Defendant Rudy Perez*

Lisa Torraco
Albuquerque, New Mexico

--and--

Donavon A. Roberts
Albuquerque, New Mexico

    *Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

    *Attorneys for Defendant Santos Gonzalez*

Angela Arellanes
Albuquerque, New Mexico

    *Attorneys for Defendant Shauna Gutierrez*

Jerry A. Walz
Walz and Associates
Albuquerque, New Mexico

    *Attorneys for Defendant Brandy Rodriguez*