IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                          No. CR 15-4268 JB

ANGEL DELEON, JOE LAWRENCE
GALLEGOS, EDWARD TROUP, a.k.a.
"Huero Troup," LEONARD LUJAN,
BILLY GARCIA, a.k.a. "Wild Bill,"
EUGENE MARTINEZ, a.k.a. "Little
Guero," ALLEN PATTERSON,
CHRISTOPHER CHAVEZ, a.k.a. "Critter,"
JAVIER ALONSO, a.k.a. "Wineo,"
ARTURO ARNULFO GARCIA, a.k.a.
"Shotgun," BENJAMIN CLARK, a.k.a.
"Cyclone," RUBEN HERNANDEZ;
JERRY ARMENTA, a.k.a. "Creeper,"
JERRY MONTOYA, a.k.a. "Boxer,"
MARIO RODRIGUEZ, a.k.a. "Blue,"
TIMOTHY MARTINEZ, a.k.a. "Red,"
MAURICIO VARELA, a.k.a. "Archie,"
a.k.a. "Hog Nuts," DANIEL Sanchez, a.k.a.
"Dan Dan," GERALD ARCHULETA, a.k.a.
"Styx," a.k.a. "Grandma," CONRAD
VILLEGAS, a.k.a. "Chitmon," ANTHONY
RAY BACA, a.k.a. "Pup," ROBERT
MARTINEZ, a.k.a. "Baby Rob," ROY
PAUL MARTINEZ, a.k.a. "Shadow,"
CHRISTOPHER GARCIA, CARLOS
HERRERA, a.k.a. "Lazy," RUDY PEREZ,
a.k.a. "Ru Dog," ANDREW GALLEGOS,
a.k.a. "Smiley," SANTOS GONZALEZ,
PAUL RIVERA, SHAUNA GUTIERREZ,
and BRANDY RODRIGUEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on the United States' Sealed Motion *In Limine*

Regarding the Exclusion of Inadmissible Evidence Under Rule 609, filed May 10, 2018

(Doc. 2245)("Motion").  In the Motion, Plaintiff United States of America moves the Court to exclude the criminal convictions of one of its witnesses, Michael Jaramillo.  See Motion at 1.  The United States contends that, vis-à-vis Jaramillo's felony convictions, the New Mexico Corrections Department released Jaramillo from custody for those convictions more than ten years ago, so rule 609(b) governs whether those convictions are admissible.  See Motion at 1.  See also Fed. R. Evid. 609(b)("This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later.").  The United States also contends that Jaramillo has never been convicted of any misdemeanors that are admissible under rule 609.  See Motion at 1. ("Jaramillo hasn't been convicted of any crimes for which the elements require proving a dishonest act or false statement."); id. at 1 n.1 ("The United States believes that Jaramillo previously has been convicted of a misdemeanor related to a domestic violence incident.").  See also Fed. R. Evid. 609(a)(2)(permitting attacks on a witness' character for truthfulness based on misdemeanor convictions "if the court can readily determine that establishing the elements of the crime required proving -- or the witness's admitting -- a dishonest act or false statement").

      The United States argues that evidence regarding Jaramillo's felony convictions is not admissible under rule 609(b).  See Motion at 1.  According to the United States, the Defendants have not provided written notice regarding their intent to use Jaramillo's criminal convictions to impeach him, which rule 609(b) requires.  See Motion at 1.  See also Fed. R. Evid. 609(b)(2)(requiring, if rule 609 applies, a party seeking to use a witness' stale convictions to give "an adverse party reasonable written notice of the intent to use it so the party has a fair opportunity to contest its use").  The United States adds that the Court should not permit the Defendants to circumvent rule 609 by "prob[ing] these acts," i.e., the acts underlying Jaramillo's

convictions, "as specific bad acts under Rule 608 or otherwise." Motion at 1-2.

Defendant Joe Lawrence Gallegos filed a response. See Response to Motion in Limine [Doc. 2245], filed May 10, 2018 (Doc. 2255)("Response"). J. Gallegos identifies four Jaramillo convictions that, in his opinion "are relevant and should be deemed admissible." Response at 2. Those convictions are: (i) a 1998 conviction for Shooting from Motor Vehicle (No Great Bodily Harm), Conspiracy, Aggravated Assault with a Deadly Weapon (Firearm), Contributing to the Delinquency of a Minor, and Tampering with Evidence; (ii) a 2002 conviction for Aggravated Burglary (Deadly Weapon); (iii) a 2002 conviction for Shooting at or from a Motor Vehicle; and (iv) an undated[1] conviction for Aggravated Battery and Aggravated Assault with a Deadly Weapon. See Response at 2. J. Gallegos argues that "the convictions of Michael Jaramillo are more probative than prejudicial," so they are admissible. Response at 3. J. Gallegos avers that, if the Court grants the Motion, Jaramillo "would be the first individual as to whom the Government has not provided a relatively complete criminal history," so excluding Jaramillo's convictions "would highlight him as being different from the other witnesses." Response at 3-4. J. Gallegos adds that "Jaramillo is expected to testify to facts that contradict other Government witnesses." Response at 4. J. Gallegos concludes by asking the Court to treat the Response as the written notice that rule 609(b) requires. See Response at 5.

Evidence of Jaramillo's misdemeanor domestic violence conviction is not admissible to attack Jaramillo's "character for truthfulness." Fed. R. Evid. 609(a). That conviction is not for a crime "punishable by death or imprisonment for more than one year." Fed. R. Evid. 609(a)(1). The Court cannot readily determine that "establishing the elements of" Jaramillo's domestic

---

[1]J. Gallegos represents that he "is still waiting on the requested judgment but it appears that this sentence was entered as 8 years from the Bernalillo County 2nd Judicial District Court." Response at 2.

violence offense "required proving -- or [Jaramillo] admitting -- a dishonest act or false statement." Fed. R. Evid. 609(a)(2). Consequently, Jaramillo's domestic violence conviction is not admissible under rule 609(a).

Rule 609(b) applies to Jaramillo's felony convictions if the United States' contention that "more than ten years ha[ve] passed since Jaramillo's release from confinement" on those convictions is accurate. Motion at 1. See Fed. R. Evid. 609(b). J. Gallegos does not deny that contention. See Response at 2. Under rule 609(b), a witness' conviction is admissible to attack the witness' character for truthfulness only if "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use." Fed. R. Evid. 609(b). The Court will treat the Response as "reasonable written notice" of the Defendants' intent to use Jaramillo's felony convictions, because the United States "has a fair opportunity to contest [Jaramillo's convictions'] use." Fed. R. Evid. 609(b)(2). See Motion at 1-2 (contesting the use of Jaramillo's felony convictions).

J. Gallegos has not, however, established -- or even asserted -- that those convictions' "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect," so Jaramillo's felony convictions are inadmissible. Fed. R. Evid. 609(b)(1). See Response at 3 (asserting, incorrectly, that the "question in this case is . . . whether the convictions of Michael Jaramillo are more probative than prejudicial"). If Jaramillo testifies "to facts that contradict other Government witnesses," J. Gallegos is free to use that inconsistency to impeach Jaramillo by contradiction. Response at 4. That inconsistency does not, however, mean that J. Gallegos has an enhanced need to impeach Jaramillo with character evidence, e.g.,

evidence of Jaramillo's felony convictions.² That excluding evidence of Jaramillo's felony convictions would "highlight him as being different from the other witnesses," Response at 4, is a legitimate outcome; "the Evidence Rules deliberately treat recent felony convictions and stale felony convictions differently." United States v. Quoc Nguyen, 542 F.3d 275, 280 (1st Cir. 2008).³ Congress "intended that convictions over 10 years old will be admitted very rarely and

---

²Courts have not, in general, been sympathetic to the argument that the introduction of conflicting evidence requires admission of witness convictions under rule 609(b), outside of "one-on-one credibility contests." United States v. Quoc Nguyen, 542 F.3d 275, 280 (1st Cir. 2008). See United States v. Spero, 625 F.2d 779, 781 (8th Cir. 1980)("[I]n situations such as this, where the credibility of one witness must be weighed directly against that of another, the probative value of a prior conviction may well be enhanced . . . ."). While J. Gallegos' prediction that Jaramillo's testimony will not be entirely consistent with Lawrence Torres' testimony, see Response at 4, that inconsistency does not mean that the United States' case is a swearing match between Jaramillo and Torres, because the United States has introduced testimony from many different witnesses, as well as voluminous photographic and documentary evidence. The jury must consider and weigh all of that evidence, and not just Jaramillo's and Torres' testimony.

³In United States v. Quoc Nguyen, the United States Court of Appeals for the First Circuit considered an argument analogous to the one J. Gallegos advances and dismissed it out of hand:

> [T]he appellant suggests that the district court should have allowed him to use Tommy's prior conviction as part of a devil's bargain to counterbalance the admission for impeachment purposes of the appellant's own prior convictions. Treating the auto entry conviction differently, the appellant says, let Tommy appear "pristine" while he (the appellant) appeared to be a low-life. This argument is flawed in several respects.
>
> First, the argument rests on a logical fallacy. The appellant's prior convictions were recent and, as such, not within the generic proscriptions of Rule 609(b). The fact that the appellant was impeached by reference to those convictions did not make Tommy's auto entry conviction any more probative of Tommy's character for truthfulness.
>
> Second -- and more saliently -- the Evidence Rules deliberately treat recent felony convictions and stale felony convictions differently. The former are presumed to be admissible for impeachment purposes . . . . The latter, however, must scale an appreciably higher hurdle . . . . Consequently, attempting to contrast the admission of stale felony convictions with the admission of recent felony

only in exceptional circumstances," because "convictions over ten years old generally do not have much probative value." Fed. R. Evid. 609 Senate Judiciary Committee notes.

The Court has noted that it sides with those who think that convictions tend to reveal little about a witness' character for truthfulness when the crime does not involve a dishonest act.

> The Court believes the House of Representative's version of rule 609, which permitted the "credibility of a witness [to] be attacked by proof of prior conviction of a crime only if the crime involves dishonesty or false statement," Fed. R. Evid. 609 advisory committee notes to the 1974 enactment, is better public policy, and [-- when a defendant testifies --] more consistent with the Anglo-Saxon jurisprudence of only trying the defendant for the crime for which the defendant is charged, and of keeping out evidence of the defendant's other misdeeds lest the jury convict the defendant for being a bad person rather than because it finds, beyond a reasonable doubt, that the defendant is guilty of the crime with which the defendant is charged.

United States v. Chaco, 801 F. Supp. 1217, 1288 (D.N.M. 2011)(Browning, J). On the other hand, crimes are more likely to be probative regarding for character for truthfulness if they are felonies and not misdemeanors or petty offenses, and the political compromise that Congress reached when it adopted rule 609 reflects that reality. See United States v. Chaco, 801 F. Supp. 2d at 1228 ("Whatever one thinks about the theory that a felon . . . is less credible than other witnesses, at least the Senate agreed that he is, and the Court should honor the Senate's ability to secure that theory's embodiment in the Federal Rules of Evidence."). In a democracy, political compromise is perfectly honorable, and the Court should not impose its own preferences instead of faithfully applying the law that Congress has passed.

Consequently, neither the existence of evidence contradicting Jaramillo's testimony nor the introduction of other witnesses' convictions under rule 609(a) constitutes "specific facts and

---

convictions is like comparing plums to pomegranates.

United States v. Quoc Nguyen, 542 F.3d at 280.

circumstances" supporting the probative value of Jaramillo's convictions such that those convictions' probative value substantially outweighs their "prejudicial effect."  Fed. R. Evid. 609(b).  The Court therefore concludes that rule 609(b) bars the admission of Jaramillo's felony convictions to attack Jaramillo's character for truthfulness,[4] and accordingly grants the Motion.[5]

**IT IS ORDERED** that the United States' Sealed Motion *In Limine* Regarding the Exclusion of Inadmissible Evidence Under Rule 609, filed May 10, 2018 (Doc. 2245), is granted.

_____
UNITED STATES DISTRICT JUDGE

---

[4]Jaramillo's convictions may be admitted, however, if J. Gallegos can point to another legitimate purpose for introducing those convictions.  See Stephen A. Saltzburg et al., Federal Rules of Evidence Manual § 609.02[11] (11th ed. 2017)("If there is another purpose for introducing the conviction, then Rule 609 poses no bar, and the trial court should admit the conviction subject to the balancing test of Rule 403.").

[5]In an earlier Memorandum Opinion and Order, ___ F. Supp. 3d ____, 2018 WL 1897613, filed April 18, 2018 (Doc. 2132)("MOO"), the Court concluded that -- at least under United States Court of Appeals for the Tenth Circuit precedent -- a specific instance of a witness' conduct that results in a conviction is not subject to inquiry under rule 608(b), at least where evidence of the conviction is introduced under 609.  See MOO at 11.  Construing rule 609 to protect witnesses from inquiry regarding the facts underlying a conviction when the rule restricts the information a jury can learn about the conviction -- that it exists, "its general nature, and punishment of felony range" -- while simultaneously permitting such inquiry when rule 609 forbids the jury to learn any information about a conviction would be anomalous.  United States v. Albers, 93 F.3d 1469, 1480 (10th Cir. 1996).  Consequently, the Court concludes that, when rule 609 renders a conviction inadmissible to attack a witness' character for truthfulness, rule 608(b) inquiry into the facts underlying the conviction is not permissible.  Accordingly, the Defendants cannot inquire into the facts underlying Jaramillo's convictions to attack his character for truthfulness.

*Counsel:*

Fred Federici
  Attorney for the United States
    Acting Under Authority Conferred by 28 USC § 515
Albuquerque, New Mexico

--and--

Maria Ysabel Armijo
Randy M. Castellano
Matthew Beck
  Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

Richard Sindel
Sindel, Sindel & Noble, P.C.
Clayton, Missouri

--and--

Brock Benjamin
Benjamin Law Firm
El Paso, Texas

    *Attorneys for Defendant Joe Lawrence Gallegos*

Patrick J. Burke
Patrick J. Burke, P.C.
Denver, Colorado

--and--

Cori Ann Harbour-Valdez
The Harbour Law Firm, P.C.
El Paso, Texas

    *Attorneys for Defendant Edward Troup*

Russel Dean Clark
Las Cruces, New Mexico

> *Attorney for Defendant Leonard Lujan*

James A. Castle
Castle & Castle, P.C.
Denver, Colorado

--and--

Robert R. Cooper
Albuquerque, New Mexico

> *Attorneys for Defendant Billy Garcia*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

> *Attorneys for Defendant Eugene Martinez*

Joseph E. Shattuck
Marco & Shattuck
Albuquerque, New Mexico

--and--

Jeffrey C. Lahann
Las Cruces, New Mexico

> *Attorneys for Defendant Allen Patterson*

John L. Granberg
Granberg Law Office
El Paso, Texas

--and--

Eduardo Solis
El Paso, Texas

> *Attorneys for Defendant Christopher Chavez*

Nathan D. Chambers
Nathan D. Chambers, LLC
Denver Colorado

--and--

Noel Orquiz
Deming, New Mexico

*Attorneys for Defendant Javier Alonso*

Scott Moran Davidson
Albuquerque, New Mexico

--and--

Billy R. Blackburn
Albuquerque, New Mexico

*Attorneys for Defendant Arturo Arnulfo Garcia*

Stephen E. Hosford
Stephen E. Hosford, P.C.
Arrey, New Mexico

--and--

Jerry Daniel Herrera
Albuquerque, New Mexico

*Attorneys for Defendant Benjamin Clark*

Pedro Pineda
Las Cruces, New Mexico

*Attorney for Defendant Ruben Hernandez*

Gary Mitchell
Mitchell Law Office
Ruidoso, New Mexico

*Attorney for Defendant Jerry Armenta*

Larry A. Hammond
Osborn Maledon, P.A.
Phoenix, Arizona

--and--

Margaret Strickland
McGraw & Strickland
Las Cruces, New Mexico

> *Attorneys for Defendant Jerry Montoya*

Steven M. Potolsky
Jacksonville Beach, Florida

--and--

Santiago D. Hernandez
Law Office of Santiago D. Hernandez
El Paso, Texas

> *Attorneys for Defendant Mario Rodriguez*

Jacqueline K. Walsh
Walsh & Larranaga
Seattle, Washington

--and--

Ray Velarde
El Paso, Texas

> *Attorneys for Defendant Timothy Martinez*

Joe Spencer
El Paso, Texas

--and--

Mary Stillinger
El Paso, Texas

> *Attorneys for Defendant Mauricio Varela*

Amy E. Jacks
Law Office of Amy E. Jacks
Los Angeles, California

--and--

Richard Jewkes
El Paso, Texas

    *Attorneys for Defendant Daniel Sanchez*

George A. Harrison
Las Cruces, New Mexico

    *Attorney for Defendant Gerald Archuleta*

B.J. Crow
Crow Law Firm
Roswell, New Mexico

    *Attorney for Defendant Conrad Villegas*

Theresa M. Duncan
Duncan, Earnest, LLC
Albuquerque, New Mexico

--and--

Marc M. Lowry
Rothstein Donatelli, LLP
Albuquerque, New Mexico

    *Attorneys for Defendant Anthony Ray Baca*

Charles J. McElhinney
McElhinney Law Firm, LLC
Las Cruces, New Mexico

    *Attorney for Defendant Robert Martinez*

Marcia J. Milner
Las Cruces, New Mexico

    *Attorney for Defendant Roy Paul Martinez*

Christopher W. Adams
Charleston, South Carolina

--and--

Amy Sirignano
Law Office of Amy Sirignano, P.C.
Albuquerque, New Mexico

    *Attorneys for Defendant Christopher Garcia*

William R. Maynard
El Paso, Texas

--and--

Carey Corlew Bhalla
Law Office of Carey C. Bhalla, LLC
Albuquerque, New Mexico

    *Attorneys for Defendant Carlos Herrera*

Justine Fox-Young
Albuquerque, New Mexico

--and--

Ryan J. Villa
Albuquerque, New Mexico

    *Attorneys for Defendant Rudy Perez*

Lisa Torraco
Albuquerque, New Mexico

--and--

Donavon A. Roberts
Albuquerque, New Mexico

    *Attorneys for Defendant Andrew Gallegos*

Erlinda O. Johnson
Law Office of Erlinda Ocampo Johnson, LLC
Albuquerque, New Mexico

    *Attorneys for Defendant Santos Gonzalez*

Angela Arellanes
Albuquerque, New Mexico

    *Attorneys for Defendant Shauna Gutierrez*

Jerry A. Walz
Sam Winder
Walz and Associates
Albuquerque, New Mexico

    *Attorneys for Defendant Brandy Rodriguez*