IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NOs. 15-4268 JB |
| ) | 19-3725 JB |
| vs. ) | 20-1629 JB |
| ) | |
| **ANGEL DELEON, et al.,** ) | |
| **JODY RUFINO MARTINEZ,** and ) | |
| **TONY GAUNA,** ) | |
| ) | |
| Defendants. ) | |

## MOTION TO CONSOLIDATE

The United States of America hereby moves this Court to join Defendants Jody Rufino Martinez's case (19-CR-3725 JB) and Tony Gauna's case (20-CR-1629 JB) to 15-CR-4268 JB pursuant to Rule 13 of the Federal Rule of Criminal Procedure.

In the aforementioned cases, the defendants are alleged members of the Syndicato de Nuevo Mexico Gang ("SNM"), and have been charged with racketeering offenses. They are alleged to have knowingly and intentionally participated in the conduct of the affairs of the SNM, a racketeering enterprise. In order to convict anyone charged in each of these, the government must prove that SNM is a criminal enterprise and that SNM engaged in racketeering activity. As part of a RICO conspiracy, the Overt Acts include the murder of David Romero, *See* Doc. 57, cause number 19-CR-3725 JB, Overt Act 11, and the distribution of illegal narcotics within correctional facilities, *See* Doc. 25, cause number 20-CR-1629 JB, Overt Acts 6, 9, 10, and 18.

Defendant Angel DeLeon is charged under 18 U.S.C. § 1959 for committing violent crimes in aid of racketeering ("VICAR") in 15-CR-4268. In order to prove the VICAR allegations, the government must establish that the defendant acted "for the purpose of

maintaining or increasing [his] position in SNM" and must also prove that SNM is an enterprise engaged in racketeering activity.

Due to the fact that RICO conspiracy and VICAR offenses both involve proving that SNM is a criminal enterprise engaged in racketeering activity the evidence for those crimes are identical or greatly overlap. As such, the evidence presented by the government in a RICO count regarding SNM as a criminal enterprise engaged in racketeering activity is the same evidence the government would present to establish the elements of the VICAR offense for which defendant DeLeon is charged.  As such, the allegations against defendants Martinez, Gauna and DeLeon should be properly joined.

Joint trials are preferred.  In that light, the Court of Appeals for the Tenth Circuit has stated that the district court "has a duty to weigh the prejudice resulting from a joint trial of codefendants against the expense and inconvenience of separate trials." *United States v. Hack,* 782 F.2d 862, 870 (10th Cir. 1986).  While the district court has discretion on the issue, "[n]either a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' from the evidence that was overwhelming or more damaging against the co-defendant than that against the moving party is sufficient to warrant severance." *Id.* (citations omitted); *see United States v. Cox* 934 F.2d 1114, 1119 (10th Cir. 1991); *see also Robinson v. United States,* 366 F.2d 575, 579 (10th Cir. 1966) (severance denied where evidence established common scheme and would have been admissible in each of the separate trials).

Moreover, the Honorable Kea Riggs, United States District Court Judge for the District of New Mexico, recently entered an order *sua sponte* continuing a criminal trial based on the following:

(1) The Coronovirus "COVID-19" pandemic has been declared a national health emergency by the President of the United States and the New Mexico State Governor. The COVID-19 emergency has not yet ended, and it recently became much worse.

(2) The Centers for Disease Control and Prevention and other public health authorities continue to advise precautions to reduce the possibility of exposure to the virus and slow the spread of the disease. Chief among these is social distancing and mask use.

(3) The Pete V. Domenici Courthouse in Albuquerque, where trial would be held, is presently operating at Phase II of the Court's Phased Restoration of Operations, which involves minimal staffing and limited access to the courthouse by members of the public.

(4) The venire panel for this matter is drawn from the Northern Division for the District of New Mexico.

(5) As of November 1, 2020, COVID-19 cases have reached record levels in New Mexico, from a low of well under 100 daily cases in September to over 1,000 daily cases on October 29, 2020. As of November 1, 2020, the seven-day average of new Covid-19 cases per day is 768, well above the seven-day average of 89 on September 10, 2020. https://www.abqjournal.com/coronavirus. This is an approximate ten-fold increase in cases. There is a high testing positivity rate and a high rate of spread.

(6) On November 3, 2020, there were 1,141 new cases, raising the seven-day daily average to 868. This appears to be a record high, and COVID-19 is spreading at a greater rate than any other time in New Mexico.

(7) The health risks posed by the virus will adversely impact the ability of the Court to obtain an adequate spectrum of jurors. Jurors are likely to request excusal from jury duty. Moreover, the District of New Mexico is a large district, and many jurors travel across the state, stay in hotels, and likely eat at restaurants. Hotels and restaurants are currently under reduced capacity orders by the Governor. Not only is it difficult for jurors to travel under the current restrictions, but travel adds to the risk of spreading the virus and endangers the health and safety of jurors.

(8) The Governor has ordered that group gatherings be limited to five individuals. The Court is unable to observe that limitation in a jury trial.

(9) In the typical past practice, trials inherently involved crowded courtrooms; in addition to the attorneys, the defendant, and Court and security staff, sometimes 50 to 100 prospective jurors spend hours on crowded seats where they cannot avoid close physical proximity with others. Additionally, once selected, a minimum of twelve jurors must meet and deliberate in a closed room. Thus, even if the Court could obtain an adequate spectrum of jurors and manage the safe selection of a jury in the midst of the COVID-19 pandemic, the nature of jury work hampers the Court's ability to protect the safety of those jurors as recommended by the CDC and DOH. Accordingly, the Court's ability to maintain compliance with current public health and safety recommendations using its prior courtroom space makes jury trials practically impossible, in light of the recent outbreak.

(10) The District of New Mexico has created a plan to conduct jury trials in a manner that attempts to comply with public health and safety recommendations and increases social distancing. Nevertheless, the Court cannot seat a jury while maintaining compliance

with current public health and safety recommendations, including social distancing, given the record number of COVID-19 cases. The Confrontation Clause also appears to require that witnesses testify without a mask obscuring their face, which increases the risk of aerosol transmission in the courtroom. Jury trials right now are practically impossible from a public health and safety standpoint.

(11) Failure to continue the trial in this case will likely make its completion impossible due to public-health risks posed to prospective jurors, witnesses, attorneys, court personnel, and the defendant.

(12) In addition to the district-wide public-health risks, an ends-of-justice delay is appropriate because:

- Counsel, United States Attorney's Office personnel, and victim-witness specialists have been encouraged to telework to minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with witnesses, which is inconsistent with the advice from the Centers for Disease Control and Prevention.

- The trial involves multiple local law enforcement witnesses who, pursuant to their work obligations and constant contact with the community, present an increased likelihood for spread of the virus. The risk is compounded by the restrictions on mask-use by witnesses.

(13) There appear to be multiple out of state witnesses, or witnesses who are currently traveling out of state but will have to return to New Mexico for trial. The Governor has entered an order requiring out of state visitors and those who visit other states to quarantine for fourteen days. The pandemic has reached record levels in the United States (nearly 100,000 daily cases), therefore quarantining out of state visitors is appropriate to reduce the spread of COVID-19. However, the Court finds that the quarantine period will likely produce a hardship on out of state witnesses.

(14) There is currently an active outbreak of COVID-19 at Cibola County Correctional

Center, where Defendant is housed.

(15) This matter was previously set for trial on September 14, 2020. A motion to suppress was filed shortly before trial on August 31, 2020. **Doc. 103.** The Court held an evidentiary hearing on that motion on September 10, 2020, and took the matter under advisement, issuing an opinion on October 13, 2020. Because of the filing of the suppression motion shortly before trial, trial was vacated and reset.

(16) The Defendant previously filed a motion to continue the September 14, 2020 trial. **Doc. 87.** Defendant noted that COVID-19 prevented her from adequately communicating and preparing for trial with her counsel.

(17) Given the tenfold increase in cases, the Court finds that any significant reduction in COVID-19 cases sufficient to safely hold a jury trial will likely take at least 60 days. Cases are not yet trending downward.

(18) Given the high rate of COVID-19 case transmission in New Mexico, it is highly likely that a participant in the jury trial would be infected with COVID-19 and others would not be able to adequately social distance in the Court's facilities. Safely empaneling a jury, conducting a trial, and arranging jury deliberations, is not currently possible in the physical facilities available to the court. Long exposure in confined spaces, which is inherent in trial, increases risk of infection.

Although the District of New Mexico has implemented procedures to hold a jury trial during the pandemic, when the infection rate was much lower, the above findings show it is impossible to currently hold a jury trial without endangering the health and lives of venire panel members, jurors, court staff, parties, and counsel. Moreover, it is likely impossible to obtain an adequate spectrum of jurors. Finally, counsel is unlikely to be able to adequately prepare for

trial. **Doc. 87.** Given the record COVID-19 cases in New Mexico, the Court finds that the need to protect the health of the public during a deadly pandemic outweighs the best interest of the Defendant and the public to a speedy trial.

Moreover, the District of New Mexico previously entered administrative orders continuing all jury trials prior to July 31, 2020. The Court hereby adopts those findings in this order, including (but not limited to) the following. *See* Administrative Orders 20-MC-00004- 08, 20- MC-00004-09, 20-MC-00004-15, 20-MC-00004-17, and 20-MC-00004-27. As stated in the Court's Administrative Order, the Court "cannot seat a jury while maintaining compliance with the current public health and safety recommendations, thereby making jury trials practically impossible from a public health and safety standpoint." Administrative Order 20-MC-00004-17. Further, "if a trial were to proceed, it is likely that in-custody defendants, even exercising due diligence, would be denied the reasonable time necessary for effective and adequate trial preparation, given that many detention centers have implemented lockdown procedures to prevent the spread of COVID-19 virus thus hampering the ability of counsel to meet with their clients." *Id*.

Although the administrative order continuing trials expired on July 31, 2020 (20-mc-4, Doc. 27), the Court finds that the ends-of justice findings in the administrative orders (20-mc-4, Doc. 17) still apply to the specific circumstances of this case, because the outbreak of COVID-19 and the danger to the health and safety of the public is higher than it has ever been.

Considering the above and the relevant factors under 18 U.S.C. §3161(h)(7)(B)(i-iv), the Court finds that the ends of justice served by continuing the November 16, 2020 jury trial outweigh the best interest of the public and the defendant in a speedy trial. *See* § 3161(h)(7)(A). Therefore, all the time from the issuance of this order until the beginning of jury selection on

January 19, 2021 in this matter shall be excluded for the purposes of the Speedy Trial Act. *United States v. Mary Gonzales*, Case No. 1:19-CR-00240 KWR.  Doc. 143.

Subsequent to the entry of Judge Riggs' Order, the Supreme Court of New Mexico followed suit and entered an Order temporarily suspending state jury trials "until January 1, 2021, while continuing to hold other judicial proceedings within strict limitations on in-person judicial proceedings . . ."  *See* Order No. 20-8500-039 Amending PHE Protocols Nos. 1, 2, and 3 (Nov. 13, 2020).  In that Order, the Supreme Court of New Mexico recognized the increased spread of COVID-19 infections throughout New Mexico and "the urgent need to minimize in-person gatherings and out-of-state travel to address the surge of COVID-19 infections." *Id*.

The Supreme Court of New Mexico's Order and Judge Riggs' findings highlight the current challenges facing this district in setting and trying felony cases to a jury.  Judicial economy and courtroom and community safety dictate that these three cases should be tried together because it will be extremely difficult to try them separately given the hurdles that must be overcome to try even one case at this point.  A joint trial will add little time to the overall case presentation because each trial will essentially cover the same racketeering evidence that must be presented for each case.

 Based on the foregoing, the United States requests this Court to join Defendant Jody Rufino Martinez's case (19-CR-3725 JB) and Tony Gauna's case (20-CR-1629 JB) with 15-CR-4268 JB.

Defendants Jody Rufino Martinez, Angel DeLeon, and Tony Gauna are opposed to this motion.

Respectfully Submitted,

FRED FEDERICI
Attorney for the United States,
Acting Under Authority Conferred
by 28 U.S.C. §515

***Electronically filed on 11/17/2020***
MARIA Y. ARMIJO
RANDY M. CASTELLANO
RYAN ELLISON
Assistant United States Attorneys
200 N. Church Street
Las Cruces, NM  88001
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

/s/
MARIA ARMIJO
Assistant United States Attorney