IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                            No. CR 15-4268 JB

ANGEL DELEON,

    Defendant.

## NOTICE AND ORDER

        Attached is the Court's opinion in United States v. Martinez, No. CR 19-3725 JB, Unsealed Memorandum Opinion and Order, filed July 12, 2021 (Doc. 303)("MOO"). In its MOO, the Court concludes that it does not have to recuse from Defendant Jody Rufino Martinez' case under 28 U.S.C. § 455(a) and United States v. Greenspan, 26 F.3d 1001 (10th Cir. 1994)("Greenspan"), because the alleged threat against the Court is not as serious as the threat in Greenspan, and the Court has not, and Martinez does not allege that the Court has, taken any action against him because of the threat.

        In this case, at a hearing on July 12, 2021, the Court shared its MOO with the parties. See Draft Transcript of Hearing at 91:9-19 (taken July 12, 2021)("Tr.")(Court, Gorman).[1] The Court stated that it "wanted to . . . disclose[] [the MOO,] so Mr. DeLeon can make an informed decision on how to proceed . . . on the threat issue and [what he] wants to do with me." Tr. at 4:7-10 (Court). The Court explained:

> You'll see how I dealt with the Greenspan opinion and you can decide whether you agree with it . . . . [I]f you're comfortable with me being on the case then we'll move forward. If you're not, then I'm not saying I'll disqualify myself, but I want to give you a chance to make a full and informed decision and then go forward

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited versions. Any final transcript may contain slightly different page and/or line numbers.

> either with telling me you'd like me off the [this] case or whether you're fine [with the Court's decision to stay on]. So I'm trying to put all the information in.
>
> . . . .
>
> I thought a lot about it mostly in the Martinez context . . . . I think I can be fair and impartial but that's something you've got to judge, and then take a look at my treatment of the Greenspan case. . . . I have concluded in my mind that I don't need to disqualify under Greenspan or otherwise, but you're the attorney for Mr. DeLeon and you may think otherwise. But I thought I'd give you a chance to look at what I did with Greenspan and you can say, well, yes or no or whatever.

Tr. at 6:14-8:7 (Court). Defendant Angel DeLeon responded: "I think we can read that opinion then come back to the Court on that." Tr. at 8:5-6 (Gorman).

Accordingly, the Court directs DeLeon to look at the MOO to see if he agrees with the Court's analysis and its decision not to recuse in his case. The Court directs also Plaintiff United States of America to share the MOO with its appellate lawyers and determine whether it will defend the Court's decision on appeal and not confess error; the United States should send a letter or file something with the Court discussing the results of the discussion and its position on the Court's decision. The Court has filed similar notices in: (i) United States v. Robert Padilla, No. CR 19-3113 JB; (ii) United States v. Tony Gauna, No. CR 20-1629 JB; and (iii) United States v. Jonathan Gomez, No. CR 19-3726 JB.

_____
UNITED STATES DISTRICT JUDGE

- 3 -

*Counsel:*

Fred J. Federici
    Acting United States Attorney
Maria Ysabel Armijo
Randy M. Castellano
Ryan Ellison
    Assistant United States Attorneys
United States Attorney's Office
Las Cruces, New Mexico

        *Attorneys for the Plaintiff*

Heather M. LeBlanc
Bailey, LeBlanc & Lane
Albuquerque, New Mexico

--and--

Sarah M. Gorman
Law Offices of Robert D. Gorman
Albuquerque, New Mexico

        *Attorneys for the Defendant*